Filed 4/28/25  P. v. Williams CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101388 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE020028) |
| v. | |
| SHAKIR WILLIAMS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Shakir Williams asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having done so, we remand the matter for the trial court to recalculate the custody credit award and otherwise affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In May 2022, a jury found defendant guilty of second degree robbery.  (Pen. Code, § 211; undesignated statutory references are to the Penal Code.)  The jury found true a

1

firearm enhancement (§ 12022.53, subd. (b)) and four aggravating circumstances (Cal. Rules of Court, rules 4.21(a)(1), 4.21(a)(2), 4.21(a)(9), 4.21(b)(1)).  In July 2022, the trial court sentenced defendant to prison for 15 years:  five years (the upper term) for the robbery count plus 10 years for the firearm enhancement.  The trial court awarded 246 days of custody credit (214 actual days and 32 good conduct days).  The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)) and a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45).

On appeal, this court reversed the sentence and remanded for resentencing. (*People v. Williams* (Aug. 2, 2023, C096588) [nonpub. opn.].)

Defendant was not present during the March 2024 resentencing hearing because he refused to appear electronically.  The trial court declined to issue an extraction order. The trial court sentenced defendant to prison for 12 years, as follows:  two years (the low term) for the robbery count plus 10 years for the firearm enhancement.  The court ordered the Department of Corrections and Rehabilitation to compute defendant's custody credits, with all other provisions of the sentence to remain the same.  The abstract of judgment lists a $300 restitution fine and a corresponding $300 parole revocation fine.

In July 2024, this court granted defendant's request to constructively file his notice of appeal.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Our review of the record reveals that the trial court erroneously failed to recalculate defendant's custody credits.  When a trial court resentences a defendant who

2

is currently in custody, it must credit him with all actual days he spent in custody (whether in jail or prison) up to that time, including his time in custody after the original sentencing. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37.)

## DISPOSITION

The matter is remanded for the limited purpose of recalculating the actual days credits for which defendant is eligible on his resentencing. The trial court is directed to prepare an amended abstract of judgment setting forth the modified credits and to forward a certified copy to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　MESIWALA, J.



We concur:



　/s/
ROBIE, Acting P. J.



　/s/
RENNER, J.